IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERIC ELDON MAY, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Civil Action No. B-17-10 |
| § | | |
| PLASTIC WORKERS UNION § | | |
| LOCAL 18 (FRANK OLVERA), § | | |
| Defendant § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 25, 2017, this case was removed to this Court from the Justice of the Peace Court in Cameron County, Texas. Dkt. No. 1. In that complaint, Plaintiff Eric Eldon May ("May") sued Defendant Plastic Workers Union Local 18 (Frank Olvera) (hereafter "Union."). Dkt. No. 1-1.

On February 1, 2017, the Union filed a motion to dismiss, asserting that May's lawsuit was filed after the statute of limitations expired. Dkt. No. 5. May has filed a response. Dkt. No. 8-1, 14. The Union has filed a reply brief. Dkt. No. 8.

On March 24, 2017, the Court converted the motion into a summary judgment motion. Dkt. No. 9. May and the Union each filed briefs and evidence regarding the summary judgment motion. Dkt. Nos. 16, 23.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that the motion for summary judgment be granted. The complaint was filed after the statute of limitations expired and cannot be saved by equitable tolling.

## I. Background

### A. Factual Background

On November 6, 2015, Cardone Industries fired May, claiming that he threatened a former supervisor. Dkt. No. 8-1, p. 14. The termination letter did not explain the facts that led to the firing. Id.

1

On November 11, 2015, May filed a grievance with the Union, claiming he had been unjustly fired by Cardone. Dkt. No. 6-2.

On December 7, 2015, the Union sent May a letter which stated that "the Union, after investigating the facts surrounding your grievance, finds that the Company acted within their rights" and declined to pursue the grievance. Dkt. No. 8-1, p. 7.

May later entered into a settlement with Cardone in June 2016; thus, this case is solely about whether the Union should have defended him.[1]

**B. Procedural Background**

On September 20, 2016, May filed suit in the Justice Court, Precinct 2-Place 2, in Cameron County, Texas. Dkt. No. 1-1, p. 1. In his complaint, May alleges that the Union "did not defend my civil rights" and "refused to represent me during my wrongful termination case." Id. He also alleged that the Union "refused" to consider his grievances and did not give him the arbitration proceedings that he was promised. Id.

On January 3, 2017, the Cameron County Constable sent the complaint to the Union via certified mail to effectuate service. Dkt. No. 1-2. The Union alleges that it received the complaint on January 11, 2017. Dkt. No. 1.[2]

On January 25, 2017, the Union removed the case to this Court. Dkt. No. 1. The Union asserted that this Court had subject matter jurisdiction because May's claims arose under federal law – namely the National Labor Relations Act and the Labor Management Relations Act. Id.

On February 1, 2017, the Union filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 5. The Union asserts that all of May's claims relate to the Union's duty

---

[1] The settlement with Cardone does not moot the case against the Union. Suter v. Louisiana Philharmonic Orchestra, AFM Local 174-496, Am. Fed'n of Musicians U.S. & Canada, No. 05-30824, 2006 WL 1877220, at *2 (5th Cir. July 5, 2006) (claims can be brought against employer, union or both).

[2] Regardless of when the Union actually received the complaint, it timely removed the case within 30 days of being served. 28 U.S.C. § 1446(b)(1).

to fairly represent him. Dkt. No. 6. As such, all of May's claims are subject to the limitation established by federal law. Accordingly, all of May's claims are subject to a six month statute of limitations, that runs from when the Union notified May that it would not pursue his grievance. Dkt. No. 6, p. 6. The Union argues that May's claim began to run on December 7, 2015, when the Union informed May that the Union believed that the employer "acted within its rights when it terminated" May's employment. Id. The Union asserts that the statute of limitations expired on June 7, 2016. Id. May did not, however, file suit until September 20, 2016; almost three and a half months after the six month limitations period expired. Id.

In May's response, he argues that there were extenuating circumstances that prevented him from timely filing his claim. Dkt. No. 14. May asserted that he hired a local attorney to represent him in suing his employer and the Union. Id. May further asserts that his lawyer ultimately refused to speak with him and that May finally had to file the case pro se, when he realized that his attorney was not going to assist him. Id.

On March 3, 2017, the Union filed a reply brief. Dkt. No. 8.

On March 24, 2017, the Court issued an order, converting the motion to dismiss into a motion for summary judgment. Dkt. No. 9. The Court found that the claims made by May raised a possible argument for equitable tolling and gave the parties until May 1, 2017, to file any evidence they had concerning the appropriateness of equitable tolling. Id.

On March 31, 2017, May submitted evidence concerning his relationship with his attorney. Dkt. No. 16. As relevant to the issue of equitable tolling, May submitted evidence showing that he met with his lawyer on June 16, 2016, to discuss his case; a copy of the attorney's notes have been entered into evidence. Id, p. 11. May also submitted a copy of an email from his attorney, dated September 13, 2016, which states that "anything I can do to help you with your claims against the union I will do for you." Id, p. 5.

On April 14, 2017, May filed a brief, asserting that he filed an appeal with the National Labor Relations Board on April 21, 2016. Dkt. No. 21. May argued that this filing

3

with the NLRB tolled his six month statute of limitations. Id.

On May 1, 2017, the Union filed a supplemental response. Dkt. No. 23. In that response, the Union argued that equitable tolling was inappropriate in this case because the evidence showed that May's attorney represented May throughout the statute of limitations period and that attorney neglect does not give rise to equitable tolling. Id. The Union also argued that the statute of limitations is not tolled by the NLRB complaint. Id.

## II. Applicable Law

### A. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the outcome of the suit. Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must – by submitting or referring to evidence – set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075. Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

**B. Duty of Fair Representation**

When a union serves as the bargaining agent for its members, it is required "to secure the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171, 177 (1967). The failure to uphold this obligation is considered a violation of the union's duty of fair representation. Id. Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), a plaintiff may file suit against a union for violating that duty. In re Carter, 168 F.2d 1093, 1103 (5th Cir. 1980).

The elements of a duty of fair representation claim are rather amorphous. "The standards for determining what constitutes the union's duty of fair representation have not yet been fully defined, but that duty clearly includes the obligation to enforce collective bargaining agreements and to prosecute members' grievances arising under them nonarbitrarily and in good faith.... [However,] fair representation does not require a union to carry every grievance to arbitration, for the union is given substantial discretion to decide whether and how far a grievance should be pursued." Bache v. Am. Tel. & Tel., 840 F.2d 283, 289 (5th Cir. 1988) (quoting Hammons v. Adams, 783 F.2d 597, 601 (5th Cir. 1986)).

There is a six month statute of limitations period for filing suit on a claim that the union breached its duty of fair representation. Richardson v. United Steelworkers of America, 864 F.2d 1162, 1165 (5th Cir. 1989). That limitations period begins when the plaintiff knew or should have known that the union violated its duty of fair representation. Id.

**C. Equitable Tolling**

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Harris v. Boyd Tunica, Inc., 628 F.3d 237, 239 (5th Cir. 2010). The plaintiff bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principle application of equitable tolling is where the plaintiff has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

The burden rests with the plaintiff "to show facts justifying equitable tolling." Lavigne v. Cajun Deep Foundations, L.L.C., 654 F. App'x 640, 644 n. 2 (5th Cir. 2016), cert. denied, 137 S. Ct. 1328, 197 L. Ed. 2d 516 (2017). Thus, in order to defeat the summary judgment motion, the plaintiff must produce evidence which creates a factual issue as to whether equitable tolling is appropriate. See Coke v. General Adjustment Bureau, Inc., 616 F.2d 785 (5th Cir.1980), on reh'g en banc, 640 F.2d 584 (1981) (denying summary judgment motion where plaintiff produced evidence that "an employee's delay in filing was due to reliance on his employer's misrepresentation"); Cruce v. Brazosport Indep. School Dist., 703 F.2d 862, 864 (5th Cir.1983) ("evidence of knowing misrepresentation on the part of defendant and of reasonable reliance on the misrepresentation by plaintiff would support a factual issue of equitable tolling."). However, if the plaintiff fails to make "an adequate showing of due diligence or reliance," then summary judgment is appropriate. Powers v. Texaco, Inc., 22 F.3d 1094 (5th Cir. 1994).

**III. Analysis**

In analyzing May's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

**A. Statute of Limitations**

As previously noted, a union member employee "has six months to sue from the discovery of the breach of the duty of fair representation." Lee v. Cytec Indus., Inc., 460 F.3d 673, 676 (5th Cir. 2006). In this case, May did not file his claim within that six month period.

On December 7, 2015, the Union informed May that his grievance was denied and that it would not seek recourse on his behalf against the employer. Dkt. No. 6-3. The six month statute of limitations began to run on that date. See Daigle v. Gulf State Utilities Co., Local Union No. 2286, 794 F.2d 974, 978 (5th Cir. 1986) (statute of limitations began to run "after the union notified him of its decision not to file a grievance"). Thus, May had until June 7, 2016, to file a complaint against the Union.

The record is clear that May did not file his suit until September 20, 2016. Dkt. No. 1. Thus, the complaint was untimely filed. The remaining question for the Court to consider is whether equitable tolling, which would extend the limitations period, is applicable in this case.

**B. Equitable Tolling**

May has argued that his case should be equitably tolled, because he was misled as to whether his attorney was representing him in the claims against the Union – as opposed to the claims against the employer. The record is clear that the attorney represented May in his claims against the employer; through that representation, May reached a settlement with the employer. Dkt. No. 16, p. 11.

May has not produced evidence tending to show the existence of an attorney-client agreement for the case against the Union. Indeed, his attorney's statement that "anything I can do to help you with your claims against the union I will do for you" can just as easily be read to show the lack of relationship as it can be to show the existence of one. The Court is mindful that at this stage of the proceedings, it must view the evidence in the light most favorable to May. Piazza's Seafood World, 448 F.3d at 752. Regardless of how the email is viewed, equitable tolling is inappropriate for the reasons discussed below.

If the attorney was representing May for the claims against the Union, equitable tolling is inappropriate because May is held responsible for his attorney's failure to timely file the claim. It is clear that "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent" and equitable tolling is not appropriate for attorney negligence. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 97 (1990). "Merely because the negligence was on the part of her attorney and his staff does not entitle [the plaintiff] to equitable tolling—a party is bound by the acts of her lawyer." Harris v. Boyd Tunica, Inc., 628 F.3d 237, 240 (5th Cir. 2010).[3]

On the other hand, if the attorney did not represent May, he fares no better. Courts have repeatedly held that a litigant's pro se status – and any ignorance or hardships flowing from that status – are not a basis for equitable tolling. See U.S. v. Petty, 530 F.3d 361, 366 (5th Cir. 2008) ("lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons" to justify equitable tolling); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (collecting cases).

Finally, if May misunderstood whether the attorney represented him in the claim against the union, equitable tolling is still inappropriate. As previously noted, the deadline for filing the complaint was June 7, 2016. The record shows that May was meeting and

---

[3] If May was represented by an attorney in his claims against the Union; and if that attorney failed to timely file the complaint within the applicable statute of limitations period; then any remedy lies with the state bar disciplinary authorities.

communicating with his attorney past that deadline. Indeed, they had an attorney/client meeting on June 16, 2016, to review May's settlement with the company, Cardone Industries. Dkt. No. 16, p. 11. On September 13, 2016, the attorney sent May the email in which the attorney said that he would help May in any way that he could against the Union. At any point during this period, May could have picked up the phone; written a letter; sent an email; or made an appointment to speak to the attorney about the case against the Union. The principal purpose of equitable tolling is to prevent putative defendants from actively misleading potential plaintiffs about their cause of action and to prevent injustice when the plaintiff has been "prevented in some extraordinary way from asserting his rights." Coleman, 184 F.3d at 402. Those situations are not present in this case.

Furthermore, May's assertion that his claim should be equitably tolled because he filed a complaint with the NLRB fares no better. Every Circuit Court of Appeals, which has considered this argument, has rejected it. Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union (AFL-CIO, CLC) Local 421 v. A-CMI Michigan Casting Ctr., 191 F.3d 764, 769 (6th Cir. 1999); Conley v. International Bhd. of Elec. Workers, Local 639, 810 F.2d 913, 916 (9th Cir. 1987); Kolomick v. United Steelworkers, District 8, 762 F.2d 354, 357 (4th Cir.1985).[4] Their reasoning is instructive and persuasive.

In instances where the filing of an administrative claim tolls the statute of limitations, it is because the filing of the administrative claim is a precondition to filing suit. Conley, 810 F.2d at 915-16 ("Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit."). In contrast, a plaintiff raising a breach of fair representation claim is not required to file a complaint with the NLRB, as a precondition to filing suit. Id. Thus, the NLRB claim is a "parallel avenue of relief" to obtain review of the breach of fair representation claim. Because each claim

---

[4] The only Fifth Circuit case to address this issue declined to decide it, finding that even if the NLRB complaint tolled the statute of limitations, the claim was still untimely filed. Gray v. Local 714, Int'l Union of Operating Engineers, 778 F.2d 1087, 1089 (5th Cir. 1985).

operates independent of the other, neither of them equitably toll the other. Id.

Accordingly, equitable tolling is inappropriate in this case. Thus, the claim was untimely filed and should be dismissed.

**IV. Recommendation**

It is recommended that the motion to dismiss filed by Plastic Workers Union, Local 18 (Frank Olvera) – which was converted into a motion for summary judgment – be granted. Dkt. No. 5. This case should be dismissed with prejudice as being untimely filed.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 2, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge